**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TROY ALAN STILLS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20cv1099 PLC |
| | ) | |
| SALEM, MISSOURI POLICE DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of: (1) the file, (2) an undated letter from Plaintiff Troy Alan Stills addressed to the "Clerk and Court" ("undated letter") [ECF No. 7], and (3) a "Motion for Subpoena – Production of Evidence" ("motion for subpoena") filed by Plaintiff [ECF No. 8].

**I. Background**

Plaintiff, a pretrial detainee at the jail in Dent County, Missouri, initiated this civil action pro se on August 19, 2020, by filing a complaint seeking relief under 42 U.S.C. § 1983 for an incident occurring on December 29, 2019, when he was allegedly injured while "cuffed" and in a police car [ECF No. 1]. In the caption of his complaint Plaintiff listed three Defendants: (1) "Salem, MO Police Dept" (2) "Simpson, Robert, ?" and (3) "Chase, Joseph, ?" In the body of his complaint, Plaintiff describes as Defendants only Robert Simpson and Joseph Chase. With respect to Defendant Simpson, Plaintiff alleges he was an officer with the Salem (Missouri) Police Department at the time of the incident and is liable for using excessive force and failing to follow "legal procedures and training guidelines" during the incident. With respect to Defendant Chase, Plaintiff alleges he was at the time of the incident a Sergeant with, and is now Chief of Police for, the Salem (Missouri) Police Department. Plaintiff further alleges that Defendant Chase "was

aware of [Defendant] Simpson[']s actions" during the incident, through notifications Plaintiff communicated to him in person and through the "U.S. mail," but Defendant Chase "fail[ed] to intervene." Additionally, in the description of Plaintiff's injuries, Plaintiff alleges he "requested medical attention" but it "was denied [and he did not receive] medical treatment of any kind even though [he] was obviously injured." Neither the identification of Defendants nor the allegations in Plaintiff's complaint explicitly mention any other person or entity as liable for any actions or omissions relating to the December 29, 2019, incident.

Plaintiff also filed a motion for appointment of counsel [ECF No. 2] and a motion for leave to proceed in forma pauperis [ECF No. 3]. As part of his motion to proceed in forma pauperis, Plaintiff submitted copies of his Dent County jail "receipts" [ECF No. 1-2] and provided financial information under penalty of perjury. Plaintiff's form motion to proceed in forma pauperis stated that, if he had an account at the Dent County Jail, he needed to "attach[] . . . a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in [Plaintiff's] name" [ECF No. 3]. See 28 U.S.C. § 1915(a)(2).[1]

## II. Discussion

A. Trust fund account statement

On August 26, 2020, the Court entered an Order [ECF No. 5] directing Plaintiff to submit a certified copy of his Dent County jail "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of his complaint. Plaintiff's response

---

[1] Section 1915(a)(2) provides in relevant part:

> A prisoner seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is . . . confined.

was due on September 25, 2020, but to date, he has not filed either (1) his trust fund account statement or an institutional equivalent for the six months before August 19, 2020, or (2) a motion seeking more time in which to do so. The Court takes judicial notice that Plaintiff filed a statement of his Dent County jail account for the relevant period in another case Plaintiff has pending in the Eastern District of Missouri: see docket entry at ECF No. 6 filed on September 24, 2020, in Stills v. Robert Wells, et al., 4:20cv01256 SRW (E.D. Mo. filed Sept. 14, 2020). In consideration of Plaintiff's self-represented status, the Court gives Plaintiff one more opportunity to file in this case his Dent County jail trust fund account statement or institutional equivalent, in accordance with the Court's August 26, 2020 Order. If he does not comply in a timely manner, the Court will consider as the account statement information relevant to this lawsuit the information in the account statement Plaintiff filed on September 24, 2020, in the Wells case.

B. Undated letter

In his undated letter [ECF No. 7], Plaintiff states that:

> This case is supposed to be against the City of Salem[']s Police Dept Officers and the City of Salem. Not the Police Dept itself. I didn't think I would have to clarify that but the way it[ i]s written in the caption[] leads me to believe there has been an error. Please fix clerical errors so I can proceed correctly.

[ECF No. 7] (emphasis omitted). The Court construes (and docketed) this letter as a motion to correct party. The Court grants Plaintiff's motion to correct party to change the identification of one of the Defendants because it was not Plaintiff's intention to pursue this lawsuit against the Salem, Missouri Police Department, but instead to pursue the lawsuit against the City of Salem, Missouri. Accordingly, the Court directs the Clerk to dismiss that Defendant and add as a Defendant in this lawsuit Defendant City of Salem, Missouri.

C. Motion for subpoena

Plaintiff requests the Court to order an identified attorney "to forward to the Court, and submit into evidence, the video of Salem Police Department Officer Robert Simpson choking the

Plaintiff" [ECF No. 8]. This request is premature because the Court has not yet reviewed the allegations and claims in the complaint, Defendants have not yet been served or responded to the complaint, a case management order has not yet been issued, discovery has not begun, and evidence is not now being submitted to the Court. Additionally, it is not clear that there is authority for such an order. Therefore, the Court denies this motion without prejudice to presenting the issue, if necessary and as appropriate, during the subsequent course of these proceedings.

After careful consideration,

**IT IS HEREBY ORDERED** that, within thirty (30) days after the date of this Order, Plaintiff shall submit a certified copy of his Dent County jail "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion to correct party as presented through an undated letter [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **DISMISS** the Salem Police Department as a Defendant in this lawsuit and **ADD** as a Defendant: the City of Salem, Missouri.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Subpoena – Production of Evidence [ECF No. 8] is **DENIED without prejudice**.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of November, 2020