**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TROY ALAN STILLS, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:20-CV-1099-PLC |
| SIMPSON, et al., | ) ) ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented Plaintiff Troy Alan Stills (registration no. 13332), a pretrial detainee at Dent County Jail, for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 3]. Having reviewed the motion and Plaintiff's financial information, the Court has determined to grant the motion and assess an initial partial filing fee of $11.47. Additionally, for the reasons discussed below, the Court will issue service on Defendant Robert Simpson in his individual capacity as to Plaintiff's excessive force claim but will dismiss the claim against him in his official capacity. The Court will also dismiss Plaintiff's claims against Defendant City of Salem, Missouri and Defendant Joseph Chase in his individual and official capacities.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

On August 26, 2020, the Court entered an Order [ECF No. 5] directing Plaintiff to submit a certified copy of his Dent County jail "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of his complaint. Plaintiff failed to comply. On November 5, 2020, in consideration of Plaintiff's self-represented status, the Court *sua sponte* entered a second Order [ECF No. 9] permitting Plaintiff additional time to file his trust fund account statement or an institutional equivalent. The Court took judicial notice that Plaintiff filed a statement of his Dent County jail account for the relevant period in another case Plaintiff has pending in the Eastern District of Missouri: *see* docket entry at ECF No. 6 filed on September 24, 2020, in *Stills v. Robert Wells, et al.*, 4:20-CV-01256 SRW (E.D. Mo. Filed Sept. 14, 2020). The November 5, 2020 Order indicated that if Plaintiff did not timely comply, the Court would consider as the account statement information relevant to this lawsuit the information in the account statement Plaintiff filed on September 24, 2020, in the *Wells* case. Plaintiff's response was due on December 7, 2020 and he again failed to comply. As such, the Court will reference the account statement in the *Wells* case to calculate Plaintiff's initial partial filing fee.

A review of plaintiff's account statement in the *Wells Case* indicates an average monthly deposit of $57.33 and an average monthly balance of $2.79. The Court therefore finds Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.47, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse

mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against Robert Simpson (Officer at the Salem, Missouri Police Department), Joseph Chase (Chief of Police at the Salem, Missouri Police Department); and the Salem, Missouri Police Department. [ECF No. 1]. Plaintiff indicated he was suing the Defendants in their individual and official capacities.

After the filing of his complaint, Plaintiff subsequently sent an undated letter to the Court stating it was his intention to bring this action against Robert Simpson, Joseph Chase, and the City of Salem, Missouri, not the police department. [ECF No. 7]. The Court construed the letter as a motion to correct party. On November 5, 2020, the Court directed the Clerk to dismiss Defendant Salem, Missouri Police Department and add the City of Salem, Missouri as a Defendant in this lawsuit. [ECF No. 9].

Plaintiff's complaint states that on December 29, 2019 at approximately 9:15 a.m. he was in the back seat of Defendant Robert Simpson's patrol car. Plaintiff alleges Simpson "restricted [his] breathing, choking [him] while [he] was in cuffs and laying on [his] back, already suffering from a concussion and wounded." [ECF No. 1 at 4]. Plaintiff alleges he was unable to breathe, lost consciousness, and suffered from a sore throat and neck for several days after the incident as well as "internal bruising and possibly more." Plaintiff alleges Simpson used excessive force and failed to "follow legal procedures and training guidelines." Plaintiff further alleges Defendant Joseph Chase failed to intervene. Plaintiff states he notified Chase about Simpson's actions "in person and

by letter sent through U.S. Mail." Plaintiff does not allege Chase was present during the alleged excessive force.

Attached to the Complaint are two inmate grievance forms, a letter from Plaintiff to the jail administrator, an inmate medical request form, two letters from Plaintiff to his attorney, a letter from Plaintiff to a Dent County detective, and a list of his outgoing mail.

Plaintiff seeks $3,000,000 in monetary damages.

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging excessive force at the time of his arrest and failure to intervene. For the reasons discussed below, the Court will dismiss the claims against the City of Salem, Missouri; Joseph Chase in his individual and official capacities; and Robert Simpson in his official capacity. Additionally, the Court will direct the Clerk of Court to issue process on Robert Simpson in his individual capacity.

### A. Defendant City of Salem, Missouri

In *Monell v. Department of Social Services*, the Supreme Court held that a municipality or local governing body can be directly liable under § 1983 for monetary, declaratory, or injunctive relief. 436 U.S. 658, 690-91 (1978). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training,

which is an extension of the same"). Thus, there are three ways in which a plaintiff can prove municipal liability.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Indep., Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible . . . for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

6

    2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

    3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, Plaintiff presents no facts to support the proposition that the City of Salem, Missouri has an unconstitutional policy or custom that caused Plaintiff's constitutional rights to be violated, or that the municipality engaged in a deliberately indifferent failure to train or supervise. Plaintiff has not shown that a policy exists because none of his facts point to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *See Angarita*, 981 F.2d at 1546. Plaintiff has also not shown a "widespread, persistent pattern of unconstitutional misconduct" by City of Salem employees, much less that such misconduct was tacitly authorized by officials of the City of Salem. *See Johnson*, 725 F.3d at 828. To the contrary,

Plaintiff alleges in his complaint that one police officer, Defendant Simpson, violated his constitutional rights by specifically failing to "follow legal procedures and training guidelines."

Thus, Plaintiff has failed to state a municipal liability claim against the City of Salem, and his claim against this entity will be dismissed.  *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Official Capacity Claims against Defendants Robert Simpson and Joseph Chase

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself."  *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.  1999).  *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, Plaintiff alleges Defendants Simpson and Chase were employed by the Salem, Missouri Police Department. Thus, the official capacity claims against them are actually against their employer, the City of Salem itself.

As discussed above, a local governing body such as the City of Salem can be sued directly under § 1983. *See Monell*, 436 U.S. at 690. In order to prevail on such a claim, Plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. To do so, he must demonstrate that the violation of his constitutional rights "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *See Mick*, 883 F.3d at 1079. As discussed above, Plaintiff has presented no factual allegations regarding a City of Salem, Missouri policy, custom, or failure to train. Therefore, the official capacity claims against Defendants Simpson and Chase will be dismissed.

**C. Individual Capacity Claim Against Defendant Robert Simpson**

Plaintiff alleges Defendant Simpson violated his constitutional rights by using excessive force against him. "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); and *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions were "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."

*Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018). "However, not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Robinson v. Hawkins*, 937 F.3d 1128, 1135-36 (8th Cir. 2019). To that end, law enforcement officers undoubtedly have a right to use some degree of physical force, or threat of physical force, to effect a lawful seizure. *Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011). "A de minimis use of force is insufficient to support a claim, and it may well be that most plaintiffs showing only de minimis injury can show only a corresponding de minims use of force." *Robinson*, 937 F.3d at 1136.

Here, Plaintiff alleges Defendant Simpson choked him while he was laying on his back and handcuffed in Simpson's patrol car. Plaintiff stated "it wasn't just a headlock, he choked [him]" to the point Plaintiff almost lost consciousness due to an inability to breathe. Plaintiff alleges that this force caused throat and neck soreness, internal bruising, and "possibly more."

For purposes of preservice review, the Court must accept as true all of plaintiff's factual allegations and afford him "all reasonable inferences that can be drawn from those allegations." *See Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014); *Dadd v. Anoka Cty.*, 827 F.3d 749, 754 (8th Cir. 2016).  With that in mind, plaintiff's excessive force allegation against Simpson is sufficient for purposes of § 1915 review.  Accordingly, the Clerk of Court will be directed to serve process upon defendant Simpson in his individual capacity as to plaintiff's claim of excessive force.

### D. Individual Capacity Claim Against Defendant Joseph Chase

Plaintiff asserts a failure to intervene claim against Defendant Chase, the current City of Salem Chief of Police, who was a Sergeant at the time of his arrest. Plaintiff does not allege Defendant Chase was present during the arrest or participated in the alleged excessive force. Instead, Plaintiff states he subsequently made Defendant Chase aware of Simpson's actions "in person and by letter sent through U.S. mail."

Under the Fourth Amendment, a police officer may be held liable for failing to intervene to prevent the unconstitutional assault by another officer. *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009). To establish a failure to intervene claim, however, the plaintiff must show the officer observed or had reason to know that a constitutional violation was occurring. *Hollingsworth v. City of St. Ann*, 800 F.3d 985, 991 (8th Cir. 2015). *See also Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009) (explaining that police officer had duty to intervene to prevent the excessive use of force where the officer was aware of the abuse and the duration of the episode was sufficient to permit an inference of tacit collaboration); and *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) (stating that in Fourth Amendment excessive force context, a police officer may be liable for failing to intervene "where the officer is aware of the abuse and the duration of the episode is sufficient to permit an inference of tacit collaboration"). Here, Plaintiff's failure to intervene fails against Defendant Chase because he was made aware of Defendant Simpson's alleged excessive force *after* the incident.

To the extent Plaintiff alleges Defendant Chase is liable to him because he held an administrative or supervisory position such an allegation does not state a claim that is cognizable under § 1983. *See Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985) (claim not cognizable under §

11

1983 where plaintiff fails to allege the personal responsibility of defendant); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 cases). Rather, "a supervisor's liability arises if 'he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights.'" *Id.* (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996) (citations omitted)); *see also Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir.1997). Here, Plaintiff does not allege that Defendant Chase failed to properly supervise or train Defendant Simpson.

The Court concludes that Plaintiff has failed to state any plausible claims for relief against Defendant Chase and will therefore dismiss him from this action.

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 2]. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $11.47 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue summons on the complaint as to defendant Robert Simpson, in his individual capacity, as to Plaintiff's excessive force claim, at the following address provided by Plaintiff: Salem Memorial District Hospital, 35629 Highway 72, Salem, Missouri 65560.

**IT IS FURTHER ORDERED** that because Plaintiff is proceeding *in forma pauperis* in this action, service shall be effectuated by the United States Marshal's Office through summons, pursuant to Fed. R. Civ. P. 4. *See* 28 U.S.C. §1915.

**IT IS FURTHER ORDERED** that a copy of the summons and return of summons shall be filed in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's claim brought against Defendant City of Salem, Missouri is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendant Joseph Chase in his individual and official capacities are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claim brought against Defendant Robert Simpson in his official capacity is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [ECF No. 2] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, on the Court's own motion, the Clerk of the Court shall amend the short caption to "Stills v. Simpson."

An Order of Partial Dismissal will accompany this Memorandum and Order.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of December, 2020.