# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TROY ALAN STILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-1099-PLC |
| | ) |
| ROBERT SIMPSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of two letters by self-represented Plaintiff Troy Alan Stills. [ECF Nos. 19, 20.] For the following reasons, the Court directs the Clerk of Court to re-issue summons on the complaint as to Defendant Robert Simpson. Additionally, the Court denies Plaintiff's request to amend his complaint by interlineation.

**A. Service Letter**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against Robert Simpson (former police officer at the Salem, Missouri Police Department), Joseph Chase (Chief of Police at the Salem, Missouri Police Department), and the City of Salem, Missouri. Plaintiff pursued his claims against Defendants in their individual and official capacities.

On December 9, 2020, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed Plaintiff's claims brought against the City of Salem, Missouri; Joseph Chase in his individual and official capacities; and Robert Simpson in his official capacity. [ECF Nos. 11, 12.] The Court, however, found that Plaintiff's excessive force allegation against Robert Simpson, in his individual capacity, was sufficient for purposes of initial review. *Id.* Consequently,

the Court directed the Clerk of Court to serve process upon Defendant Simpson at Salem Memorial District Hospital at the address Plaintiff provided in his complaint.

On January 13, 2021, service was effectuated on Defendant Simpson by the United States Marshal's Office through summons. [ECF No. 16.] The Process Receipt and Return reflects that the summons was served on Amanda Roberts, the Human Resources Assistant for Salem Memorial Hospital. *Id.* at 2. Defendant Simpson had until January 27, 2021 to file a responsive pleading. To date, Defendant Simpson has not submitted an answer or other response to Plaintiff's complaint.

On January 27, 2021, Plaintiff submitted a letter to the Court requesting the Court to re-issue summons on Defendant Simpson because the information he previously provided about Salem Memorial District Hospital was incorrect. Plaintiff asserted that Defendant Simpson was actually employed at "Viburnum Police Department, Missouri" and "Iron County EMT, Missouri." Plaintiff stated that due to his incarceration he was unable to provide the Court with the address of either entity.

Because Plaintiff is proceeding *in forma pauperis*, the Court will direct the Clerk of Court to effectuate service of process through the United States Marshal's Office at the Viburnum Police Department. *See* Fed. R. Civ. P. 4(c)(3). The Court will not order service to be effectuated at "Iron County EMT" because, after the Court's independent research to find a physical address, no such entity with that name appears to exist.

**B. Amend Complaint Letter**

On January 24, 2021, Plaintiff submitted a letter to the Court which was docketed as a Motion for Leave to Add Claim. [ECF No. 20.] In his letter, Plaintiff appears to seek leave to

2

amend his complaint to add allegations against Defendant Simpson.  For the following reasons, the request will be denied.

Within the letter Plaintiff asserts he "was finally allowed to view the discovery in [his] criminal case" and "discovered evidence that shows 'false arrest.'"  *Id.* at 1.  After providing various statements to support a false arrest allegation against Defendant Simpson, Plaintiff asks: "May I please add False Arrest into my claim? Without having to re-do it all?"  *Id.* at 2.  Thus, it appears as though Plaintiff is attempting to amend his complaint by interlineation, *i.e.,* requesting the Court to add additional claims to this action without providing the Court with a pleading which includes all claims he wishes to pursue in this action. The Court denies this request because the Court does not accept amendments by interlineation.

If Plaintiff wishes to amend his complaint to add an additional claim, he must file a motion to amend with a proposed amended complaint on a Court form that includes each claim he wishes to bring in this action.  *See Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion); *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.").  The Court does not accept amendments to the complaint through supplements, declarations, notices or other piecemeal amendments.  *See Popoalii*, 512 F.3d at 497.  In other words, Plaintiff may not amend a complaint by filing separate documents.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue summons on the complaint as to Defendant Robert Simpson (only to the extent Plaintiff pursues an excessive force claim

against him in his individual capacity) at the following address: Viburnum Police Department, #1 Missouri Avenue, Viburnum, Missouri 65566.

**IT IS FURTHER ORDERED** that, because Plaintiff is proceeding *in forma pauperis* in this action, service on Defendant Simpson shall be effectuated by the United States Marshal's Office through summons, pursuant to Fed. R. Civ. P. 4.  *See* 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that a copy of the summons and return of summons shall be filed in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Add Claim [ECF No. 20] is **DENIED** without prejudice.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of February, 2021

4