UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TROY ALAN STILLS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:20-CV-1099 PLC |
| ROBERT SIMPSON, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a letter filed by Plaintiff Troy Alan Stills, dated February 10, 2021, and titled "Request for Court Forms and Counsel." [ECF No. 24.] Plaintiff, who resides at the Dent County Jail, is proceeding pro se and in forma pauperis in this civil rights case. After initial review of the complaint, the Court allowed Plaintiff to pursue his claim under 42 U.S.C. § 1983 against Defendant Robert Simpson, a law enforcement officer sued in his individual capacity, for his alleged use of excessive force against Plaintiff while Plaintiff was handcuffed and in the back seat of a patrol car. See Memorandum and Order, filed Dec. 9, 2020 [ECF No. 11]. The Court also denied without prejudice Plaintiff's first motion for appointment of counsel. Id. at 12-14.

A self-represented plaintiff pursuing a civil lawsuit has "no constitutional or statutory right to appointed counsel, . . . but the district court has authority to recruit counsel for an indigent person in appropriate circumstances." Chambers v. Pennycock, 641 F.3d 898, 909 (8th Cir. 2011) (citation omitted) (affirming district court's denial of appointed counsel for the indigent plaintiff pursuing an action under 42 U.S.C. § 1983 based on the defendant law enforcement officers'

alleged use of excessive force at and near time of the plaintiff's arrest); see also 28 U.S.C. § 1915(e)(1). In considering whether to appoint an attorney for an indigent plaintiff, a court considers such factors as "the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." Ward v. Smith, 721 F.3d 940, 943 (8th Cir. 2013) (per curiam).

Plaintiff demonstrated the ability to present his Section 1983 claim against Defendant by setting forth in his complaint non-frivolous allegations against Defendant. Additionally, in his letter Plaintiff acknowledges his ability to pursue this lawsuit by stating: "as the Court has previously determined, . . . I have a decent grasp on the basics and am somewhat able to understand how to proceed." [ECF No. 24 at 2.] Because Plaintiff pursues a single claim against a single Defendant for conduct toward Plaintiff on one specific occasion, the Court concludes that neither the factual nor the legal issues in this case are complex. Finally, at this point, the record does not suggest any limitation on Plaintiff's ability to investigate the facts or legal issues. In particular, Plaintiff's letter discloses his ability to access legal resources and consideration their application in this case. The Court, therefore, denies without prejudice Plaintiff's request for appointed counsel.

In addition to his request for appointed counsel, Plaintiff asks the Court to send him "the appropriate Court Forms/'motions to amend' and 'proposed amended complaint forms'/motions." [ECF No. 24 at 1.] The Court is not aware of a court-approved form for a motion to amend or proposed amended complaint. While denying Plaintiff's specific request, the Court directs the Clerk of Court to send Plaintiff a blank Prisoner Civil Rights Complaint form in the event it was his intent to request such a form.

–2–

Plaintiff also requests the Court to provide him with "specifics on what to expect next, options on how to respond or move, and the time limits allowed between each step." [ECF No. 24 at 3.] The Court cannot provide legal advice to a self-represented litigant. Auld v. Gonzalez Consulting Servs., Inc., No. 11-00498-CV-W-DW, 2012 WL 12969370, at *1 n.2 (W.D. Mo. Jan. 6, 2012) (citing Bernhardt v. Johns, 4:09CV3004, 2009 WL 971443, at *2 (D. Neb. Apr. 8, 2009) ("the court cannot provide legal advice to Plaintiff") and Landry v. Davis, 08-3244-SAC, 2009 WL 274242, at *4 (D. Kan. Jan. 26, 2009) ("Federal courts may not provide legal advice to a pro se litigant")). Both parties should be guided by the Federal Rules of Civil Procedure and the Local Rules of this Court, with the Local Rules available on the Court's website, in addition to other relevant legal authority.

After careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 24] is **DENIED** without prejudice to the extent Plaintiff requests appointed counsel and is otherwise **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank Prisoner Civil Rights Complaint form.

*/s/ Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of February, 2021