**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TROY ALAN STILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-cv-1099-PLC |
| | ) |
| ROBERT SIMPSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Troy Alan Stills to amend the original complaint. ECF No. 27. For the following reasons, the Court will grant the motion in part and direct the Clerk of Court to issue summons on the amended complaint as to Defendants Randy Brooks and Canyon Goodbar in their individual capacities. The Court will deny Plaintiff's request to amend his complaint to add a false arrest claim against Defendant Robert Simpson.

**Background**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against Robert Simpson (former police officer at the Salem, Missouri Police Department), Joseph Chase (Chief of Police at the Salem, Missouri Police Department), and the City of Salem, Missouri. [ECF Nos. 1, 7, 9]. Plaintiff pursued his claims against Defendants in their individual and official capacities.

The complaint stated that on December 29, 2019 at approximately 9:15 a.m. he was in the back seat of Defendant Robert Simpson's patrol car. Plaintiff alleged Defendant Simpson "restricted [his] breathing, choking [him] while [he] was in cuffs and laying on [his] back, already suffering from a concussion and wounded." [ECF No. 1 at]. Plaintiff alleged he was unable to breathe, lost consciousness, and suffered from a sore throat and neck for several days after the

incident as well as "internal bruising and possibly more." Plaintiff alleged Simpson used excessive force and failed to "follow legal procedures and training guidelines." Plaintiff further alleged that Defendant Joseph Chase failed to intervene. Plaintiff stated he notified Chase about Simpson's action "in person and by letter through U.S. Mail." Plaintiff did not allege Chase was present during the alleged excessive force.

On December 9, 2020, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2), granted Plaintiff in forma pauperis status, and dismissed Plaintiff's claims brought against the City of Salem, Missouri; Joseph Chase in his individual and official capacities; and Robert Simpson in his official capacity. [ECF Nos. 11, 12]. The Court, however, found that Plaintiff's excessive force allegation against Robert Simpson, in his individual capacity, was sufficient for purposes of initial review. *Id.* Consequently, the Court directed the Clerk of Court to serve process upon Defendant Simpson.

Service was effectuated on Defendant Simpson on January 13, 2021 by the United States Marshal's Office at the address provided by Plaintiff. [ECF No. 16]. On January 27, 2021, Plaintiff submitted a letter to the Court requesting the Court to reissue summons on Defendant Simpson because the address he originally provided was incorrect. [ECF No. 19]. The Court granted Plaintiff's request. [ECF No. 22]. Self-represented Defendant Simpson filed a timely answer on March 18, 2021. [ECF No. 29].

**Motion to Amend Complaint**

On March 11, 2021, Plaintiff filed the instant motion to amend his complaint. [ECF No. 27]. In the motion, Plaintiff states video "[e]vidence [of his arrest] has been discovered that raises issues that were not included in the original complaint." *Id.* Consequently, Plaintiff seeks to amend his complaint by adding Defendants Randy Brooks (former Corporal at the Salem, Missouri Police

Department) and Canyon Goodbar (Deputy at Dent County, Missouri Sheriff's Department) in their individual capacities only. He also requests to add a false arrest claim and a failure to intervene claim against Defendant Robert Simpson.

Attached to the motion is a proposed amended complaint submitted on the Court's Prisoner Civil Rights Complaint form. [ECF No. 27-1]. In the proposed amended complaint, Plaintiff alleges five separate claims relating to his arrest on December 29, 2019. In his first claim, Plaintiff alleges that while he was handcuffed and laying in the back of Randy Brooks' patrol car, Defendant Robert Simpson "choked [him] twice and tased [him]." *Id.* at 3. Plaintiff states he was unable to breathe, lost consciousness, and subsequently suffered from a bruised and sore neck and throat and burn marks on his chest. This excessive force allegation is substantially similar to the claim Plaintiff brought against Defendant Simpson in his original complaint.

Plaintiff's second claim is described as "false arrest." *Id.* at 4. Plaintiff alleges that on December 29, 2019 "Robert Simpson failed to apply good faith in handling there [sic] matters" and "arrested the wrong person." *Id.* Plaintiff claims he was innocent and is now being falsely imprisoned.

As to the third claim, Plaintiff alleges that former Corporal Randy Brooks failed to intervene when Defendant Simpson choked and tased him. *Id.* Plaintiff states that Brooks "stood there and watched and called [him] a 'piece of shit.'" *Id.*

As to the fourth claim, Plaintiff alleges he was being compliant, but Canyon Goodbar "slammed" him into his patrol car and tased him while saying: "I'll knock you out Mother Fucker." *Id.* at 5. Plaintiff alleges Goodbar used excessive force and caused "2 sets of burn marks on [his] inner thigh" and "bruises." *Id.* Plaintiff alleges in his fifth claim that Defendant Simpson and Brooks failed to intervene when Goodbar "slammed" and tased him.

3

For relief, Plaintiff seeks $3,000,000 from Defendant Robert Simpson, $200,000 from Randy Brooks, and $100,000 from Canyon Goodbar.

## Legal Standard

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course within twenty-one days after serving the pleading, or, in all other cases, with written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a). Whether to grant a motion for leave to amend is "left to the sound discretion of the district court." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016) (quotation marks and citation omitted). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (citation and internal quotations omitted). Importantly, "parties should usually be given at least one chance to amend their complaint." *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999).

## Discussion

For the following reasons, the Court will grant Plaintiff's motion to file an amended complaint to add a failure to intervene claim against both Randy Brooks and Robert Simpson, as well an excessive force claim against Canyon Goodbar. The Court will not permit Plaintiff to add a false arrest claim against Defendant Simpson.

### *1. False Arrest Claim against Robert Simpson*

Plaintiff alleges Defendant Simpson effectuated a false arrest because he "arrested the wrong person." [ECF No. 27-1 at 4]. This claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentences unless the convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Id.* at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Here, Plaintiff has not shown that his convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus. To the contrary, on February 3, 2021, Plaintiff pled guilty to the underlying state criminal action, in which he was charged with domestic assault and resisting arrest.[1] *See State v. Stills*, Case No. 19DE-CR00624-02 (Cir. Ct. Crawford Cty., Missouri). Accordingly, the Court will not permit him to amend his complaint to add a claim of false arrest against Defendant Simpson.

### *2. Excessive Force Claim against Canyon Goodbar*

In the proposed amended complaint, Plaintiff alleges Canyon Goodbar "slammed" him into his patrol car and tased him while saying: "I'll knock you out Mother Fucker." [ECF No. 27-1 at 5]. Plaintiff states this occurred while he was being compliant with the Goodbar's directives. As a result, Plaintiff alleges Goodbar used excessive force and caused "2 sets of burn marks on [his] inner thigh" and "bruises." *Id.*

---

[1] Plaintiff's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); and *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions were "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018). "However, not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Robinson v. Hawkins*, 937 F.3d 1128, 1135-36 (8th Cir. 2019). To that end, law enforcement officers undoubtedly have a right to use some degree of physical force, or threat of physical force, to affect a lawful seizure. *Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011). "A de minimis use of force is insufficient to support a claim, and it may well be that most plaintiffs showing only de minimis injury can show only a corresponding de minims use of force." *Robinson*, 937 F.3d at 1136.

6

Here, at this stage of the litigation, Plaintiff states a plausible excessive force claim against Goodbar. Plaintiff states he was being compliant when Goodbar slammed him into his patrol car and tased him causing subsequent burn marks and bruising. Accordingly, the Clerk of Court will be directed to serve process on Canyon Goodbar in his individual capacity as to Plaintiff's claim of excessive force.

### *3. Failure to Intervene against Randy Brooks and Robert Simpson*

In both the original complaint and the proposed amended complaint, Plaintiff alleges that while he was handcuffed and laying in the back of a patrol car, Defendant Simpson choked and tased him. In the proposed amended complaint, however, Plaintiff alleges Brooks watched Simpson apply excessive force, but failed to intervene. Plaintiff further alleges that when Goodbar tased him both Brooks and Simpson watched and failed to intervene.

Under the Fourth Amendment, a police officer may be held liable for failing to intervene to prevent the unconstitutional assault by another officer. *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009). To establish a failure to intervene claim, however, the plaintiff must show the officer observed or had reason to know that a constitutional violation was occurring. *Hollingsworth v. City of St. Ann*, 800 F.3d 985, 991 (8th Cir. 2015). *See also Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009) (explaining that police officer had duty to intervene to prevent the excessive use of force where the officer was aware of the abuse and the duration of the episode was sufficient to permit an inference of tacit collaboration; and *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) (stating that in the Fourth Amendment excessive force context, a police officer may be liable for failing to intervene "where the officer is aware of the abuse and the duration of the episode is sufficient to permit an inference of tacit collaboration").

Here, at this stage of the litigation, Plaintiff states a plausible failure to intervene claim against Brooks and Simpson as he alleges they watched a fellow officer choke and/or tase him

7

while he was handcuffed and acting in compliance with instructions. Accordingly, the Clerk of Court will be directed to serve process upon Defendant Simpson in his individual capacity as to Plaintiff's failure to intervene claim and excessive force claim.[2] The Court is unable, however, to direct the Clerk of Court to effectuate service upon Randy Brooks as Plaintiff placed a question mark in the section of the complaint designated to provide an address. The Court, therefore, will direct plaintiff to provide the Court with an address at which service can be effectuated on defendant Randy Brooks.

Although Plaintiff filed his original complaint in August 2020, the Court has not yet entered a case management order as the sole Defendant Robert Simpson was only recently served with summons and filed an answer. Therefore, amendment would not change the trial schedule. Furthermore, as discovery has not yet begun and no depositions have taken place, amending the complaint would require no additional discovery by any party. Granting Plaintiff leave to amend his complaint so early in the proceedings will not cause Defendants undue prejudice. *See, e.g., Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); *Henry v. J & M Sec., LLC*, No. 4:15-CV-01078 ERW, 2015 WL 7737299, at *2 (E.D. Mo. Dec. 1, 2015).

Therefore, in the interests of justice, the Court will grant Plaintiff's motion to file a first amended complaint to add Defendants Randy Brooks and Canyon Goodbar in their individual capacities. The Court, however, will not permit Plaintiff to amend his complaint by adding a false arrest claim against Defendant Simpson.

---

[2] Plaintiff's proposed amended complaint restated his excessive force claim against Defendant Simpson from the original complaint. The Court previously issued summons on Defendant Simpson regarding the excessive force claim. *See* [ECF No. 11].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to amend the complaint [ECF No. 27] is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court should detach and docket the proposed amended complaint [ECF No. 27-1] as the operative first amended complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue summons on the first amended complaint as to Defendant Robert Simpson, in his individual capacity, as to Plaintiff's excessive force claim and failure to intervene claim, at the following address: Viburnum Police Department, #1 Missouri Avenue, Viburnum, Missouri 65566.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue summons on the first amended complaint as to Defendant Canyon Goodbar, in his individual capacity, as to Plaintiff's excessive force claim, at the following address: Dent County Sheriff's Department, 112 E. 5th, Suite 7, Salem, Missouri 65560.

**IT IS FURTHER ORDERED** that because Plaintiff is proceeding in forma pauperis in this action, service shall be effectuated by the United States Marshal's Office through summons, pursuant to Fed. R. Civ. P. 4.  *See* 28 U.S.C. §1915.

**IT IS FURTHER ORDERED** that, **within thirty (30) days of the date of this Order**, Plaintiff shall provide the Court with an address at which service can be effectuated on Defendant Randy Brooks.  Plaintiff's failure to do so will result in a dismissal of this action against Defendant Brooks, without prejudice.

9

**IT IS FURTHER ORDERED** that copies of the summons and return of summons shall be filed in this matter.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of March, 2021