**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TROY ALAN STILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1099-PLC |
| | ) | |
| ROBERT SIMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court following a letter [ECF No. 37] filed by Plaintiff Troy Alan Stills, who is proceeding pro se and in forma pauperis, as well as Defendant Canyon Goodbar's request for extension of time to file an answer [ECF No. 39]. Plaintiff's letter addresses three separate matters. First, in response to the March 19, 2021 Order ("the Order") [ECF No. 30], Plaintiff provides the Court with two potential addresses for service of summons and first amended complaint on Defendant Randy Brooks. Second, Plaintiff states he has not received a copy of Defendant Robert Simpson's answers to the original complaint [ECF No. 29] and first amended complaint [ECF No. 34]. Third, Plaintiff asks the Court to reconsider the Order to the extent it denied Plaintiff leave to add a false arrest claim against Defendant Simpson. Defendant Goodbar's request seeks an additional two weeks, or until April 29, 2021, to file his answer to Plaintiff's first amended complaint.

**Background**

Plaintiff's lawsuit arises out of his December 29, 2019 arrest. By the Order, the Court granted in part and denied in part Plaintiff's motion for leave to amend his original complaint [ECF No. 27]. Prior to amendment, Plaintiff presented in his pending original complaint only an excessive force claim against Defendant Robert Simpson sued in his individual capacity. See

Mem. and Order, and Order of Partial Dismissal, both filed Dec. 9, 2020 [ECF Nos. 11 and 12, respectively]. Plaintiff alleged Defendant Simpson was, during the relevant time, a police officer with the City of Salem, Missouri. By the Order, the Court allowed Plaintiff to add two Defendants sued in their individual capacities only: Randy Brooks, allegedly a Corporal in the Police Department of the City of Salem, Missouri, during the relevant time and Canyon Goodbar, allegedly a deputy with the Dent County, Missouri Sheriff's Department during the relevant time.

In the Order, the Court also denied Plaintiff leave to add a claim against Defendant Simpson for false arrest (Count 2 of the proposed amended complaint), and permitted Plaintiff to pursue the following claims: excessive force against Defendant Simpson (Count 1); failure to intervene against Defendant Brooks (Count 3); excessive force against Defendant Goodbar (Count 4); and failure to intervene against Defendants Simpson and Brooks (Count 5). Due to Plaintiff's in forma pauperis status, the Court directed the Clerk to issue summonses and the United States Marshal's Office to serve Plaintiff's first amended complaint on Defendants Simpson and Goodbar, for whom addresses were available. Additionally, the Court gave Plaintiff thirty days to provide an address for service on Defendant Brooks. The docket sheet reflects that: (1) Defendant Simpson filed an answer to the first amended complaint; and (2) Defendant Goodbar's counsel filed an entry of appearance with the request for an extension of time to file an answer.

**Service of process on Defendant Brooks**

In his letter, Plaintiff expresses uncertainty regarding the correct address for Defendant Brooks and provides two "possible" options: (1) the Salem, Missouri Police Department, and (2) an address that may be a residence. Because Plaintiff is proceeding in forma pauperis, the Court directs the Clerk of Court to issue summonses and the United States Marshal's Office to serve process and first amended complaint on Defendant Brooks at both addresses provided by Plaintiff. See Fed. R. Civ. P. 4(c)(3). To protect Defendant Brooks' privacy, in case the second address is

his residence, the Court directs the Clerk to file under seal Plaintiff's letter [ECF No. 37], which contains the second address. See, e.g., Melillo v. Melillo, No. 20-CV-1777 (PJS/DTS), 2020 WL 6797368, at *3 (D. Minn. Nov. 19, 2020) (United States Magistrate Judge order requiring, in relevant part, the continued sealing of the complaint because it contained the plaintiff's home address), contemporaneous report and recommendation addressing other issues adopted over objection by United States District Judge, 2021 WL 373451 (D. Minn. Feb. 3, 2021); Kulhanek v. Griffith, 4:17-CV-2431 JAR, 2019 WL 1198911, at *3 (E.D. Mo. Mar. 14, 2019) (requiring the defendants' counsel to provide a defendant individual's "last known home address" under seal so the United States Marshal's Office could "effectuate service of summons" on that defendant).

**Plaintiff's receipt of Defendant Simpson's answers**

Plaintiff states in his letter that he has not received a copy of self-represented Defendant Simpson's answers to the original complaint [ECF No. 29] and first amended complaint [ECF No. 34]. Neither of self-represented Defendant Simpson's answers contain a certificate of service stating that a copy of the answer was served on Plaintiff by mailing it to Plaintiff at his address of record (which at this time is: Fulton Reception & Diagnostic Center, P.O. Box 190, Fulton, MO, 65251). The Court also notes that Plaintiff's letter, which was filed after Defendant Simpson filed his answer to the first amended complaint and which seeks Court-ordered relief, does not include a certificate of service regarding service of the letter on Defendant Simpson.

Federal Rule of Civil Procedure 5 requires service of all papers, including responsive pleadings (such as an answer) and any motion (defined as "a request for a court order"), on "every party" who has appeared in the case. Fed. R. Civ. P. 5(a)(1) and 5(a)(2); see Fed. R. Civ. P. 7(a)(2) and 7(b)(1). When a paper "is served by filing it with the court's electronic-filing system," then a certificate of service need not accompany the filed material. Fed. R. Civ. P. 5(d)(1)(B); Eastern District of Missouri Local Rule 2.12(A). When, however, "a paper that is required to be served is

served by other means," then "if the paper is filed, a certificate of service must be filed with it or within a reasonable time after service." Fed. R. Civ. P. 5(d)(1)(B)(i).

A paper may be served on another litigant by electronically filing the paper only when the recipient may electronically receive materials filed in Court. Review of the docket sheet reveals that self-represented Defendant Simpson receives communications through an email address. Therefore, Defendant Simpson is served by the Court's electronic-filing system, and materials electronically filed of record need not include a certificate of service with respect to him. See, e.g., Fed. R. Civ. P. 5(b)(2)(D)-(F).

At this point, the record reflects that Plaintiff, who is a state prisoner, receives communications only through regular mail to his correctional facility address and not through electronic means. Any material filed of record that must be served on Plaintiff, therefore, must contain a certificate of service stating the date the material was mailed to Plaintiff and the address to which the material was mailed. See, e.g. Fed. R. Civ. P. 5(b)(2)(C). Importantly, when a filed paper is mailed to a litigant, "service is complete upon mailing." Id.

Self-represented litigants are not excused from complying with the Federal Rules of Civil Procedure, "even without affirmative notice of the application of the rules to his case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). See also Bunch v. University of Ark. Bd. of Trustees, 863 F.3d 1062, 1067 (8th Cir. 2017) (party's "status as a pro se litigant did not excuse [that litigant] from following the local rules"); Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives"); Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) ("[a] pro se litigant is bound by the litigation rules as is a lawyer"); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"); Schooley v. Kennedy, 712

F.2d 372, 373 (8th Cir. 1983) ("pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law"). The answers filed by Defendant Simpson do not include a statement that Defendant Simpson mailed a paper copy of the answers to Plaintiff at the correctional facility address set forth above. Therefore, the Court directs Defendant Simpson to mail his answers to Plaintiff, if he has not already done so, and to file appropriate certificates of service reporting (1) the date(s) of mailing and (2) the address to which the answers were mailed.

**Plaintiff's request for reconsideration**

Plaintiff states in his letter that the "Court denied [his] False Arrest claim but [he] would like to make an argu[]ment and request re-consideration[.]" [ECF No. 37 at 3] As a preliminary matter, the Court notes that this request in the form of a letter is not appropriate. See Fed. R. Civ. P. 7(b); Eastern District of Missouri Local Rule 4.04(A). In the interest of judicial efficiency, however, the Court construes this part of the letter as a motion for reconsideration. In the future, Plaintiff (as well as any other party) shall communicate any request he may have for a Court order only by motion. Id.

In his motion to amend his original complaint [ECF No. 27], Plaintiff sought, among other things, to add a false arrest claim against Defendant Simpson. In its Order, the Court denied this request:

> Plaintiff alleges Defendant Simpson effectuated a false arrest because he "arrested the wrong person." [ECF No. 27-1 at 4]. This claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentences unless the convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus. Id. at 486-87; Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) [(per curiam)]. Here, Plaintiff has not shown that his convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus. To the contrary, on February 3, 2021, Plaintiff pled guilty [in] the underlying state criminal action, in which he was charged with domestic assault and resisting arrest. See State v. Stills, Case No. 19DE-CR00624-02 (Cir. Ct. Crawford C[n]ty., Missouri). Accordingly, the Court will not permit

> him to amend his complaint to add a claim of false arrest against Defendant Simpson.

Mem. and Order, filed Mar. 19, 2021 [ECF No. 30].

As support for his motion for reconsideration, Plaintiff argues the Court should have permitted him to amend his complaint to add a false arrest claim because he "rejected guilt in an Alford Plea"[1] in the underlying state criminal case [ECF No. 37 at 3]. Contrary to Plaintiff's argument, the fact Plaintiff's underlying conviction is based on an Alford plea does not foreclose application of the Heck bar to a Section 1983 claim. See Havens v. Johnson, 783 F.3d 776, 777, 784 (10th Cir. 2015) ("the Heck doctrine derives from the existence of a valid conviction, not the mechanism by which the conviction was obtained (such as admissions by the defendant), so it is irrelevant that [the plaintiff] entered an Alford plea"); Green v. Chvala, 567 Fed. Appx. 458, 459 (7th Cir. 2014) (unpublished order) (observing the plaintiff's "Alford plea does not nullify the Heck bar . . . [for l]ike any plea, an Alford plea results in a conviction to which Heck applies"); Ojegba v. Murphy, 178 Fed. Appx. 888, 888 (11th Cir. 2006) (unpublished per curiam opinion) (finding an "Alford plea of no consequence" when deciding whether Heck barred a Section 1983 claim); Ballard v. Burton, 444 F.3d 391, 396-97 (5th Cir. 2006) ("hold[ing] that a conviction based on an Alford plea can be used to impose Heck's favorable termination rule"); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (after the plaintiff's Alford plea, applying Heck to bar one of the plaintiff's Section 1983 claims). Therefore, the Court denies without prejudice Plaintiff's motion for reconsideration of the Order denying Plaintiff leave to add a Section 1983 false arrest claim against Defendant Simpson because Plaintiff has not alleged or shown that his

---

[1] In North Carolina v. Alford, 400 U.S. 25 (1970), the Supreme Court concluded that "an express admission of guilt . . . is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime," when the individual is advised by counsel and the record "contains strong evidence of [the individual's] actual guilt." Id. at 37.

state court conviction has been reversed, expunged, or called into question. See, e.g., Potter v. Lineback, No. 4:18-cv-235-AGF, 2020 WL 418548, at *7 (E.D. Mo. Jan. 27, 2020) (finding the plaintiff's Section 1983 claim for false arrest barred by Heck regardless of the plaintiff's Alford plea); Bell v. Ste. Genevieve Cnty., No. 1-14-CV-94 SNLJ, 2015 WL 6459691, at *3 (E.D. Mo. Oct. 26, 2015) (finding the plaintiff's Section 1983 claim for false arrest, among others, barred by Heck regardless of the plaintiff's Alford plea).

**Defendant Goodbar's extension to file an answer**

Defendant Goodbar seeks a two-week extension, or until April 29, 2021, to file his answer to Plaintiff's first amended complaint. Because Local Rule 4.01(B) gives opponents fourteen days to file a response to this motion, which does not state it is unopposed, and the opponents in this case are self-represented, the Court sets a deadline for the filing of any opposition to the extension. If no opposition to the extension is timely filed, the Court will grant Defendant Goodbar's request.

The Court reminds all parties that requests for a Court order must be made through a motion filed of record and served on all other parties in the case. See Fed. R. Civ. P. 7(b). The Court may strike from the record any litigant's future "request," letter, or other document seeking a Court order that is not a motion. Additionally, motions and other materials filed in Court must be served on the other parties, with service on the self-represented Plaintiff effected by mailing the filed material to Plaintiff at his address of record and by filing a certificate of such service.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue summonses and **effectuate service of process** via the United States Marshal's Office upon Defendant Randy Brooks in his individual capacity at the Salem Police Department, 500 North Jackson Street, Salem, Missouri 65560 **and** at the second address provided in Plaintiff's recent letter [ECF No. 37], which the Clerk shall file and maintain **UNDER SEAL**.

**IT IS FURTHER ORDERED** that, **within thirty (30) days after this Memorandum and Order**, Defendant Robert Simpson shall: (1) mail to Plaintiff at his correctional facility a paper copy of Defendant Simpson's answers to Plaintiff's original and first amended complaints, if Defendant Simpson has not already done so, and (2) file certificates of service stating the date(s) of the mailing(s) and the address to which the answers were mailed.

**IT IS FURTHER ORDERED** that Plaintiff's letter [ECF No. 37], to the extent it is construed as a motion for reconsideration of the Order disallowing Plaintiff's addition of a false arrest claim against Defendant Simpson, is **DENIED without prejudice**.

**IT IS FINALLY ORDERED** that any opposition to allowing Defendant Goodbar to file his answer by April 29, 2021, **shall be filed on or before April 22, 2021**. Absent opposition, the Court will grant Goodbar's extension.

The Court may strike any material filed by a litigant that does not comply with the provisions of this Memorandum and Order and relevant authority, including the Federal Rules of Civil Procedure.

Patricia L. Cohen
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of April, 2021