# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

TROY ALAN STILLS, )
)
Plaintiff, )
)
v. ) No. 4:20-CV-1099-PLC
)
ROBERT SIMPSON, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Submit Evidence filed by self-represented

Plaintiff Troy Alan Stills. [ECF No. 60]. Attached to the motion are six exhibits which Plaintiff

describes as follows:

> #1 is 3 pages – Police Report written by Robert Simpson on 12-29-2019.
> #2 is 3 pages – 2nd Police Report written by Robert Simpson on 1-17-2020.
> #3 is 1 page – Police Report written by Randy Brooks on 1-17-2020.
> #4 is 16 pages – Deposition of Canyon Goodbar on December 7, 2020.
> #5 is 29 pages – Deposition of Randy Brooks on December 7, 2020.
> #6 is 60 pages – Deposition of Robert Simpson on December 7, 2020.

*Id.* at 1. Plaintiff has also submitted a letter to the Clerk of Court, dated June 15, 2021, in which

he enclosed a "CD/DVD" and pictures of his alleged injuries. [ECF No. 61].

Local Rule 3.02 instructs that "discovery . . . shall not be filed with the Court except as

exhibits to a motion or memorandum." *See also* Fed. R. Civ. P. 5(d)(1)(A) (which, in relevant part,

prohibits the filing of discovery material "until [it is] used in the proceeding."). Additionally,

"[u]nless otherwise ordered by the Court, no deposition transcript shall be filed until admitted into

evidence at trial." Local Rule 3.02(B). Discovery requests are not to be filed with the Court but

should instead be submitted between the parties. *See id*. Self represented litigants, such as Plaintiff,

must comply with the local and federal rules. *See e.g., American Inmate Paralegal Assoc. v. Cline*,

859 F.2d 59, 61 (8th Cir. 1988 (per curiam) ("Pro se litigants are not excused from complying with

court orders or substantive and procedural laws"); *Clemons v. Lombardi*, Case No. 4:13-cv-458-CDP, 2014 WL 409107, at *1 (E.D. Mo. Feb 3, 2014) (citing *Faretta v. California*, 422 U.S. 806, 834-35, 834 n. 46 (1975)).

Plaintiff's attempt to engage in discovery with Defendants is premature at this stage of the litigation. The parties have not conferred pursuant to Federal Rule of Civil Procedure 26(d), and the Court has not yet entered a Scheduling and Trial order.[1]

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Submit Evidence is **DENIED**. [ECF No. 60].

**IT IS FURTHER ORDERED** that Plaintiff's letter to the Clerk of Court, dated June 15, 2021, and exhibits [ECF No. 61] are **STRICKEN** from the record. The Clerk of Court shall return the original letter and enclosures to Plaintiff.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of July, 2021

---

[1] This is Plaintiff's second attempt to impermissibly file discovery in this case. Prior to the instant motion, Plaintiff filed a "Motion to Submit Video" [ECF No. 55], which the Court denied on June 24, 2021 [ECF No. 59].