UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TROY ALAN STILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-1099 PLC |
| ) | |
| ROBERT SIMPSON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Canyon Goodbar's Motion to Dismiss Plaintiff's Amended Complaint. [ECF No. 47]. Self-represented Plaintiff Troy Alan Stills filed a response. [ECF No. 56]. Defendant Goodbar did not file a reply and the time for doing so has passed. For the reasons discussed below, the motion is denied, and the Court issues a Case Management Order by separate order.

**Background**

Plaintiff, a pretrial detainee at Tipton Correctional Center, brought this action pursuant to 42 U.S.C. § 1983 against Robert Simpson (former police officer at the Salem, Missouri Police Department), Joseph Chase (Chief of Police at the Salem, Missouri Police Department), and the City of Salem, Missouri. [ECF Nos. 1, 7, 9]. Plaintiff pursued his claims against Defendants in their individual and official capacities.

The complaint alleged that on December 29, 2019 at approximately 9:15 a.m. he was in the back seat of Defendant Robert Simpson's patrol car. Plaintiff stated Defendant Simpson "restricted [his] breathing, choking [him] while [he] was in cuffs and laying on [his] back, already suffering from a concussion and wounded." [ECF No. 1]. Plaintiff alleged he was unable to breathe, lost consciousness, and suffered from a sore throat and neck for several days after the

incident as well as "internal bruising and possibly more." Plaintiff alleged Simpson used excessive force and failed to "follow legal procedures and training guidelines." Plaintiff further alleged that Defendant Joseph Chase failed to intervene. Plaintiff stated he notified Chase about Simpson's actions "in person and by letter through U.S. Mail." Plaintiff did not allege Chase was present during the alleged excessive force.

On December 9, 2020, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2), granted Plaintiff in forma pauperis status, and dismissed the claims brought against the City of Salem, Missouri; Joseph Chase in his individual and official capacities; and Robert Simpson in his official capacity. [ECF Nos. 11, 12]. The Court, however, found Plaintiff's excessive force allegation against Robert Simpson, in his individual capacity, was sufficient for purposes of initial review. *Id.* Consequently, the Court directed the Clerk of Court to serve process upon Defendant Simpson, who filed a timely answer. [ECF No. 29].

On March 11, 2021, Plaintiff filed a motion to amend his complaint. [ECF No. 27]. Plaintiff requested leave to add Defendants Randy Brooks (former Corporal at Salem, Missouri Police Department) and Canyon Goodbar (Deputy at Dent County, Missouri Sheriff's Department) in their individual capacities only. Plaintiff also sought to add a false arrest claim and failure to intervene claim against Defendant Robert Simpson. As to Canyon Goodbar, Plaintiff alleged that while he was compliant, Goodbar slammed him into his patrol car and tased him while saying: "I'll knock you out Mother Fucker." *Id.* at 5. Plaintiff claimed Goodbar used excessive force and caused "2 sets of burn marks on [his] inner thigh" and "bruises." *Id.* Plaintiff further alleged that Defendant Simpson and Brooks failed to intervene when Goodbar slammed and tased him.

On March 19, 2021, the Court granted Plaintiff's motion to file an amended complaint to add a failure to intervene claim against both Brooks and Simpson, as well as an excessive force claim against Goodbar. [ECF No. 30]. The Court denied Plaintiff's request to add a claim of false

arrest. *Id.* at 5. As to Goodbar, the Court determined that Plaintiff asserted "a plausible excessive force claim" because he alleged "he was being complaint when Goodbar slammed him into his patrol car and tased him causing subsequent burn marks and bruising." *Id.* at 7.

On March 30, 2021, Defendant Simpson filed an answer to the amended complaint. [ECF No. 34]. On April 22, 2021, Defendant Simpson filed an amended answer after seeking appropriate leave from the Court. [ECF No. 45]. On April 29, 2021, Defendant Goodbar filed the instant motion to dismiss. [ECF No. 47]. On May 12, 2021, Defendant Brooks filed his answer. [ECF No. 52].

## Motion to Dismiss

Defendant Goodbar asserts that Plaintiff's Fourth Amendment claim of excessive force fails to state a claim upon which relief may be granted. [ECF No. 48]. Defendant Goodbar argues Plaintiff's allegations that he was slammed into a patrol car and tased while compliant is a "legal conclusion" because Plaintiff did not provide any factual support regarding the severity of the crime for which he was being arrested, whether he posed an immediate threat to the safety of the officers, or whether he was actively resisting or attempting to evade arrest. Defendant Goodbar reasons that "[w]ithout more factual allegations establishing [his] conduct was objectively unreasonable under the circumstances, Plaintiff fails to state a claim[.]" *Id.* at 6. Defendant Goodbar also argues that Plaintiff's alleged injuries were de minimis and, thus, insufficient to support an excessive force claim.

In response to the motion to dismiss, Plaintiff argues that he sufficiently stated a claim. Plaintiff asserts he "was not posing a threat, the crime wasn't that severe, and the Plaintiff was not actively resisting or attempting to evade or flee or escape." [ECF No. 56 at 1.].

**Legal Standard for Motion to Dismiss**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**Discussion**

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); and *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under § 1983. *Crumley v. City of St. Paul, Minn.*, 32 F.3d 1003, 1008 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether law enforcement officers' actions were "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an

officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018). "However, not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Robinson v. Hawkins*, 937 F.3d 1128, 1135-36 (8th Cir. 2019). To that end, law enforcement officers undoubtedly have a right to use some degree of physical force, or threat of physical force, to affect a lawful seizure. *Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011).

Here, Plaintiff alleges he "was slammed into Canyon Goodbar[']s (CG) patrol car by CG. CG threatened 'I'll knock you out Motherfucker' and he tased [Plaintiff] while [he] was compliant." [ECF No. 31]. "[T]he reasonableness of an officer's use of a taser turns on active resistance: When a suspect actively resists arrest, the police can use a taser [ ] to subdue him; but when a suspect does not resist, or has stopped resisting, they cannot." *Kent v. Oakland County*, 810 F.3d 384, 392 (6th Cir. 2016). *See also See Coker v. Ark. State Police*, 734 F.3d 838, 843 (8th Cir. 2013) (use of force inappropriate after plaintiff laid down on the ground and placed his hands behind his back, despite it being undisputed plaintiff had led officer on high-speed chase exceeding 150 miles per hour and, after crashing, had run from the officer before giving himself up); *Kijowski v. City of Niles*, 372 F. Appp'x 595, 601 (6th Cir. 2010) ("[T]he right to be free from physical force when one is not resisting the police is a clearly established right"); *Procknow v. Curry*, 26 F. Supp. 3d 875, 888 (D. Minn. 2014) ("the use of [ ] force against a compliant, no-longer-fleeing suspect would be unreasonable as a matter of law, despite his earlier attempt to avoid arrest").

Defendant Canyon argues Plaintiff's allegation of excessive force is nothing more than a legal conclusion. The Court cannot agree, and instead concludes that Plaintiff pleaded enough facts to establish an excessive force claim sufficient to survive the instant motion to dismiss. Plaintiff's

claim hinges on whether he was compliant with Defendant Goodbar's directives at the moment he was tased. *See e.g.*, *Abrahamsen v. St. Charles Cty.*, No. 4:99-CV-0634 CEJ, 2000 WL 1474116, at *3 (E.D. Mo. Sept. 26, 2000) (although plaintiff pled guilty to resisting arrest in his underlying criminal case it "tells nothing about the type or extent of his resistance nor the reasonableness of the officers' response thereto" and "does not preclude a finding that the defendant officers used excessive force under the circumstances."). Defendant Goodbar does not dispute Plaintiff's compliance within the instant motion to dismiss, and Plaintiff's Response asserts he "was not posing a threat" and "was not actively resisting or attempting to evade or flee or escape." *See Gebregziabher v. Slay*, No. 4:19-CV-00470 SPM, 2019 WL 6893046, at *2 (E.D. Mo. Dec. 18, 2019) (finding Court must accept plaintiff's allegation that detective deployed a taser against him even though he presented no immediate risk of danger as true and make all reasonable inferences in plaintiff's favor).

Plaintiff further asserts he suffered physical injury from Defendant Goodbar's actions, which included "2 sets of burn marks on [his] inner thigh" and "bruises." Defendant Goodbar appears to argue that Plaintiff's alleged injuries are <u>de minimis</u> and, thus, insufficient to support an excessive force claim. However, the Eighth Circuit has held that "it is logically possible to prove an excessive use of force that caused only a minor injury, and a rule that forecloses a constitutional claim in that circumstance focuses on the wrong question." *Chambers v. Pennycook*, 641 F.3d 898, 906 (8th Cir. 2011). "The rule should focus instead on whether the force applied is reasonable from the perspective of a reasonable officer on the scene at the time the force is used." *Id.* As stated above, the reasonableness of Canyon Goodbar's actions is dependent on whether Plaintiff was complaint at the moment force was used against him to effectuate the arrest.

Viewing the facts in the complaint in the light most favorable to Plaintiff, the Court finds the amended complaint contains sufficient factual matter, accepted as true, to state a facially

plausible excessive use of force claim against Defendant Goodbar. As the Supreme Court has held, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At this stage of the litigation, the Court finds Plaintiff has adequately stated a claim of excessive force against Defendant Canyon.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Canyon Goodbar's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 47] is **DENIED**.

A Case Management Order will be entered separately.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of September, 2021

.